JENNIE A. PETERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56566. Filed May 16, 1956.

*Edward J. McLaughlin, Esq.,* for the petitioner.
*Charles E. Lomax, Esq.,* for the respondent.

### OPINION.

HARRON, *Judge:* The petitioner filed her return for 1952 with the director of internal revenue for the first district of Illinois. All of the facts have been stipulated. The stipulation is incorporated herein by this reference. The facts are as follows:

In 1947, the petitioner sustained net long-term capital loss in the amount of $27,123.43. Under the provisions of section 117 (b) of the 1939 Code, as amended by section 150 (c) of the 1942 Revenue Act, only 50 per cent of petitioner's long-term capital loss was taken into account in computing taxable income, namely, $13,561.72.

Petitioner was entitled to carry over to future years, limited to 5 succeeding years, the unused portion of the net long-term capital loss in the amount of $13,561.72, as a short-term capital loss, under section 117 (e), as amended by section 150 (c) of the 1942 Act.[1] In each of the years 1948, 1949, 1950, and 1951, petitioner's total net capital gains were less than the amount of the 1947 net capital loss carryover so that as of December 31, 1951, the unused portion of $13,561.72 amounted to $4,024.79.

In 1952, petitioner realized net long-term capital gain in the amount of $6,807.51.

In her income tax return for 1952, in Schedule D, petitioner reported net capital loss of $621.03, which was computed in the following way:

| | |
|---|---:|
| 1947 net capital loss carryover | $4,024.79 |
| 50 per cent of 1952 net capital gain | 3,403.76 |
| | $621.03 |

The Commissioner determined that petitioner should have taken into account 100 per cent of the 1952 net long-term capital gain under section 117 (b), as amended by section 322 (a) (2) of the 1951 Revenue Act.[2] Accordingly, he determined that petitioner had an excess of net long-term capital gain over short-term capital loss, in 1952, in the amount of $2,782.72, of which 50 per cent, $1,391.36, was deductible, leaving for inclusion in taxable income net long-term capital gain in the amount of $1,391.36. The Commissioner's computation is as follows:

| | |
|---|---:|
| 1952 net long-term capital gain | $6,807.51 |
| 1947 short-term capital loss carryover | 4,024.79 |
| Excess net long-term capital gain | $2,782.72 |
| Less 50 per cent, sec. 117 (b) | 1,391.36 |
| Net long-term capital gain | $1,391.36 |

In the petition filed here, petitioner alleged that the "recognized" net long-term capital gain for 1952 amounted to only $3,403.76, 50

[1] (e) CAPITAL LOSS CARRY-OVER.—

(1) METHOD OF COMPUTATION.—If for any taxable year beginning after December 31, 1941, the taxpayer has a net capital loss, the amount thereof shall be a short-term capital loss in each of the five succeeding taxable years to the extent that such amount exceeds the total of any net capital gains of any taxable years intervening between the taxable year in which the net capital loss arose and such succeeding taxable year. For purposes of this paragraph a net capital gain shall be computed without regard to such net capital loss or to any net capital losses arising in any such intervening taxable years.

[2] Section 322 (a) (2) of the 1951 Act amended section 117 (b) to read, in part, as follows:

(b) DEDUCTION FROM GROSS INCOME.—In the case of a taxpayer other than a corporation, if for any taxable year the net long-term capital gain exceeds the net short-term capital loss, 50 per centum of the amount of such excess shall be a deduction from gross income. * * *

per cent of the entire long-term capital gain. On brief, petitioner has abandoned the contention, as she must do, because the 1951 amendments to section 117 (b) of the 1939 Code require taking into account 100 per cent of capital gains and losses, whether long-term or short-term. Under the 1951 amendments to section 117 (b), long-term capital gains and losses are no longer subject to the 50 per cent limitation which was applicable under prior law. But, where net long-term capital gain exceeds net short-term capital loss, the amendment authorizes a deduction of 50 per cent of such excess. Since the 1951 amendments of section 117 apply to taxable years beginning on or after October 20, 1951, they apply to the computation of the amount of petitioner's net long-term capital gain for 1952 which is includible in gross income. See the following: Committee on Finance, Supplemental Report, S. Rept. No. 781, Part 2, 82d Cong., 1st Sess., reprinted in 1951-2 C. B. 545, 572; 3 Mertens, Law of Federal Taxation, 1955 Cum. Supp., par. 22.03, pp. 292–294; Regs. 118, sec. 39.117 (b)–1.

The petitioner's contention is now limited to the question whether the 1951 amendments to section 117 permit or require taking into account 100 per cent, rather than 50 per cent, of the 1947 capital loss carryover to 1952. In effect, petitioner now seeks to recompute the amount of the 1947 capital loss carryover to be taken into account in computing taxable income for 1952 so that the unused portion of the capital loss carryover will amount to $8,049.58, which amount is twice the amount ($4,024.79) of the unused portion of the 1947 net long-term capital loss as computed under prior law as it applied to 1947, i. e., section 117 (b), as amended by section 150 (c) of the 1942 Act. Petitioner cites no authority for this contention and we find none. The question presented is one of first impression.

It is concluded that the 1951 amendments to section 117 of the 1939 Code do not apply to the computations made for prior years in determining the amount of capital loss carryover to a taxable year beginning on or after October 20, 1951. This conclusion is implicit in the provisions of section 322 (d) of the 1951 Act.[3] That this was the Congressional intent, we think is made clear by the following excerpt from the Supplemental Report of the Committee on Finance, S. Rept. No. 781, Part 2, *supra*, 1951–2 C. B. 545, 574:

Subsection (d) of this section provides that the amendments made by the section shall be applicable only with respect to taxable years beginning on or after the date of enactment of the bill. *The treatment of capital gains and losses*

---

[3] (d) EFFECTIVE DATE.—The amendments made by this section shall be applicable only with respect to taxable years beginning on or after the date of enactment of this Act. In determining under section 117 (e) of the Internal Revenue Code the amount of the carryover to a taxable year beginning on or after such date, of the capital loss for a taxable year beginning before such date, such amendments shall not affect the computation of the amount of the net capital loss or of the net capital gain for any taxable year beginning before such date.

*of years beginning before such date is not affected by these amendments for any purpose, including the determination under section 117 (e) of the amount of the capital loss or of the net capital gain for any taxable year beginning before such date.* Thus, in the case of a taxpayer whose taxable year is a calendar year, a net capital loss for the calendar year 1950, and the net capital gain for 1951, would be computed without regard to the amendments even though the loss is carried forward under 117 (e) of the Code to the calendar year 1952, a year to which the amendments will be applicable. In determining the amount of the net capital loss for 1950 which can be carried over under section 117 (e) to 1953, the computation of the net capital gain for 1952 would, of course, be computed with regard to the amendments made by this section. [Italics added.]

See also Regs. 118, sec. 117 (e)–1.

It is held that respondent determined that the unused portion of the 1947 capital loss carryover to 1952 is $4,024.79, and that petitioner's net capital gain for 1952 is $2,782.72, of which 50 per cent is deductible under section 117 (b), as amended.

*Decision will be entered for the respondent.*